Joseph H. **SEYMOUR** et al., etc., Plaintiffs,

v.

**HULL & MORELAND ENGINEERING** et al., etc., Defendants,

and

**International Union of Operating Engineers, Local Union No. 12, AFL–CIO, Intervenor.**

**No. CV 74–307–AAH.**

United States District Court, C. D. California.

Aug. 10, 1976.

---

Wayne Jett and Timothy P. Sullivan, Los Angeles, Cal., for plaintiffs.

Nelson, Kirshman, Goldstein, Gentile & Rexon by Jeffrey C. Freedman, Los Angeles, Cal., for defendants.

Rose, Klein & Marias by Robert M. Simpson, Los Angeles, Cal., for plaintiff in intervention.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW IN FAVOR OF
PLAINTIFF IN INTERVENTION
(INTERVENER)

HAUK, District Judge.

Said cause having been heard, evidence both oral and documentary having been in-

troduced, and having been submitted for decision, the Court now makes the following Findings of Fact and Conclusions of Law in relation to the complaint in intervention:

## FINDINGS OF FACT

### THE COURT FINDS THAT:

1. The International Union of Operating Engineers, Local Union No. 12, was and is an unincorporated labor organization in which employees participate, and which exists for the purpose of dealing with employers concerning grievances, wages, hours and terms and conditions of employment.

2. At all times herein relevant, Local Union No. 12 has and now represents employees employed in industries affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. Section 185).

3. Defendant Hull & Moreland Engineering was a partnership existing under and by virtue of the laws of the State of California with a principal place of business located in the County of Kern, State of California until February 11, 1969, at which time the individual partners of Hull & Moreland Engineering caused it to be incorporated in the State of California as a corporation known as Hull-Moreland & Associates, Inc.

4. That on February 11, 1969, the corporation placed on its payroll all or substantially all of the employees of Hull & Moreland Engineering and succeeded to the obligations of Hull & Moreland Engineering under the applicable collective bargaining agreement.

5. On December 28, 1967, defendant Hull & Moreland Engineering executed a short form agreement with Local 12. The short form agreement incorporates by reference the terms of the Master Survey Agreement entered into between Local 12 and the Southern California Chapter and the San Diego Chapter of the California Council of Civil Engineers and Land Surveyors, which was in effect from August 1, 1965 to August 1, 1969. The short form agreement by its terms also incorporates by reference the terms of the successor Master Survey Agreements in effect during the periods August 1, 1969 through August 1, 1974, and August 1, 1974 through August 1, 1977.

6. During the period from September 11, 1973, through July 31, 1974, defendant Hull-Moreland & Associates, Inc. paid monies to persons performing field survey work for the following hours:

| | | |
|---|---|---|
| a. | Harold Hardin | 272.0 Hrs. |
| b. | Hardin's crew | 833.5 Hrs. |
| c. | Kern Engineering | 1094.0 Hrs. |
| | TOTAL | 2199.5 Hrs. |

7. During the period from September 11, 1973, through July 31, 1974, defendant Hull-Moreland and Associates, Inc. paid wages to persons performing field survey work for a total of 380.0 hours.

8. During the period September 11, 1973, through July 31, 1974, the Agreement provided that the hourly wage rates for persons employed in the classifications of Party Chief and Chainman are $8.25 per hour and $7.59 per hour, respectively.

9. During the period from August 1, 1974, through August 31, 1975, Harold Hardin and others submitted billings to Hull-Moreland & Associates, Inc. for performance of field survey work for the following total number of days:

| | | |
|---|---|---|
| a. | Harold Hardin | 120 days |
| b. | Hardin's crew | 137 days |
| c. | Others | 6 days |
| | TOTAL | 263 days |

10. Article III, Paragraph B5 of the Master Survey Agreement provides that if an employer improperly hires or utilizes workmen in violation thereof, Local 12 is entitled to damages as follows:

1. For all time worked by each improperly hired person in the capacity of Party Chief:

(a) The sum of $8.25 per hour for each hour worked during the period from September 11, 1973, to and including July 31,

**194**

1974, and payable to the workmen first registered on the Union's out-of-work list in that classification, and

(b) The sum of $50.00 for each day of violation, or fraction thereof, payable to the Operating Engineers' Health & Welfare Trust Fund during the period of August 1, 1974, to and including present date.

2. For all time worked by each improperly hired person in the capacity of Chainman:

(a) The sum of $7.59 per hour for each hour worked during the period from September 11, 1973, to and including July 31, 1974, and payable to the workmen first registered on the Union's out-of-work list in that classification, and

(b) The sum of $50.00 for each day of violation, or fraction thereof, payable to the Operating Engineers' Health & Welfare Trust Fund during the period of August 1, 1974, to and including present date.

11. At all times pertinent herein, plaintiff in intervention has duly performed all conditions on its part to be performed.

12. At no time during the period September 11, 1973, to the present, was Harold Hardin, any member of any crew of Hardin, or any employee of Kern Engineering an employee of Hull-Moreland & Associates, Inc.

The following Conclusions of Law insofar as they may be considered Findings of Fact are so found by this Court to be true in all respects; and the foregoing Findings of Fact, insofar as they may be considered Conclusions of Law, are so concluded from the Findings of Fact.

## CONCLUSIONS OF LAW

From the foregoing Findings of Fact, the Court makes the following Conclusions of Law:

1. Defendant Hull-Moreland & Associates, Inc., is not a shell or an instrumentality or conduit through which Herb Hull, Carl R. Moreland and Hull & Moreland Engineering, and each of them, carried on their field survey business.

2. Defendant Hull-Moreland & Associates, Inc. failed and refused to abide by its legal obligations under the collective bargaining agreement with Local 12 by improperly hiring or utilizing workmen properly dispatched from the hiring hall maintained by Local 12 to perform field survey work in the classification of Chainman for a total of 380.0 hours during the period September 11, 1973 and July 31, 1974, and such failure constituted a violation and breach of said collective bargaining agreement.

3. By reason of the breach of the collective bargaining agreement by defendant Hull-Moreland & Associates, Inc. plaintiff in intervention, on behalf of workmen first registered on its out-of-work list in the classification of Chainman, is damaged in the sum of $2,884.20.

4. Defendant Hull-Moreland & Associates, Inc. failed and refused to abide by its legal obligations under the collective bargaining agreement with Local 12 by improperly hiring or utilizing workmen not properly dispatched from the hiring hall maintained by Local 12 to perform field survey work on six days during the period August 1, 1974, through present date and such failure constituted a violation and breach of said collective bargaining agreement.

5. By reason of the breach of said collective bargaining agreement by defendant Hull-Moreland & Associates, Inc., plaintiff in intervention has been damaged in the sum of $50.00 for each day of violation, or a total of $300.00, payable to the Operating Engineers' Health and Welfare Trust Fund.

6. Defendant Hull-Moreland & Associates, Inc. did not breach said collective bargaining agreement when it utilized the services of Harold Hardin, Hardin's crew and Kern Engineering because none were employees of defendant Hull-Moreland & Associates, Inc. but rather each was a subcontractor or employee of a subcontractor.

7. Defendant Hull & Moreland Engineering, Herb Hull, and Carl Moreland are entitled to judgment in their favor and against plaintiff in intervention.

8. Each party shall bear his and its own costs of suit.

Let judgment be entered accordingly.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN FAVOR OF PLAINTIFFS

This action having been tried before the Court, findings of fact and conclusions of law are hereby made as follows:

### FINDINGS OF FACT

1. Plaintiffs are the Trustees of the Operating Engineers Health and Welfare Fund and the Operating Engineers Pension Trust.

2. Defendant Hull & Moreland Engineering (hereinafter "partnership") was, until February 1969, a general partnership at which Mr. Herb Hull and Mr. Carl Moreland were general partners. Defendant Hull-Moreland & Associates, Inc. (hereinafter "corporation") is a corporation formed in February 1969, pursuant to the laws of the State of California. Messrs. Hull and Moreland at all times have been the sole stockholders and managing corporate officers of the corporation.

3. The partnership became party to the Agreement with Local 12 on or about December 28, 1967, upon execution of a short-form collective bargaining agreement (Plaintiffs' Exhibit 1; the "Agreement").

4. The Agreement specifically incorporated by reference the terms of the then existing Master Survey Agreement (Plaintiffs' Exhibit 2 and hereinafter referred to as the "MSA") which was effective during the period from and including July 1, 1965, through July 1, 1969; the Agreement further incorporated by reference the terms of succeeding MSA's in effect during the periods from and including July 1, 1969, through July 1, 1974, and July 1, 1974, through July 1, 1977 (Plaintiffs' Exhibits 3 and 4, respectively).

5. Each of the respective MSA's cover hours of work performed by field survey employees and obligate employers bound thereto to pay fringe benefit contributions to the Health and Welfare Fund and the Pension Trust at specified hourly rates on all hours worked by (or paid) covered employees, excluding travel time in excess of the eight-hour day.

6. The Partnership employed persons covered by the MSA during the period from and including January 1, 1968, through February 28, 1969.

7. The Partnership failed to report and pay fringe benefit contributions to the Health and Welfare Fund and the Pension Trust with regard to a total of 5,428.0 hours worked by (or paid) covered employees during the time period referred to in Paragraph 6.

8. None of the unreported hours referred to in Paragraph 7 were designated on the paycheck stubs as "travel time", but this fact is immaterial to the determination of whether defendant is liable to make payments of contributions to plaintiffs.

9. The Corporation was formed on or about March 1, 1969, and became a successor to and bound by the provisions of the Agreement as if it were an original signatory party thereto.

10. The Corporation employed persons covered by the MSA during the period from and including on or about March 1, 1969, through on or about December 31, 1973.

11. The Corporation failed to report and pay contributions to the Health and Welfare Fund and the Pension Trust with regard to a total of 12,237.5 hours worked by (or paid) covered employees during the time period referred to in Paragraph 10.

12. None of the unreported hours referred to in Paragraph 11 were designated on the employees' paycheck stubs as "travel time", but this fact is immaterial to the determination of whether defendant is liable to make payments of contributions to plaintiffs.

13. During the period from and including on or about May 1, 1968 through on or about December 31, 1968, Mr. Harold Hardin was employed by the partnership as a Party Chief, an employee covered by the

Agreement; during said time period, the Partnership failed to report and pay fringe benefit contributions to the respective Trusts with regard to a total of 1,022.0 hours worked by (or paid) Mr. Hardin; none of the unreported hours were designated as "travel time" on the paycheck stub, but this fact is immaterial to the determination of whether defendant is liable to make payments of contributions to plaintiffs.

14. During the period May 1969 to September 1973, inclusive, Mr. Hardin was a licensed surveyor. At no time during this period was he an employee of the corporation. He performed a total of 12,276 hours of field survey work for the corporation as an independent contractor. The corporation did not report any hours to the Trusts based on Mr. Hardin's work.

15. During a portion of the time period May 1969 to September 1973, the Corporation provided Mr. Hardin with coverage under a health insurance policy which also covered some corporation employees who were not covered by the MSA.

16. For the hours of field survey work performed during the time period referred to in Paragraph 14, Mr. Hardin worked alternately by himself and as head of a survey crew and was paid for his services at an hourly rate with no payroll deductions (or on some occasions, on flat rate basis).

17. Kern Engineering is a California corporation and Mr. Hull and Mr. Moreland are corporate officers and owners of fifty percent (50%) of the corporate stock. Kern Engineering is not signatory to a collective bargaining agreement with Local 12.

18. During the period from and including on or about October 1, 1973, through on or about August 31, 1975, Kern Engineering was an independent contractor of the Corporation and employed persons who were paid wages for a total of 3,273.5 hours of field survey work. None of said hours were reported nor were fringe benefit contributions paid to the respective Trusts.

19. During the period referred to in Paragraph 18, Mr. Hardin performed a total of 1,379.5 hours of field survey work (both with and without a crew). He was paid for such work on an hourly basis or on a flat rate basis either by the Corporation or Kern Engineering, and he paid the members of his crew out of the payment he received. None of the hours worked by Mr. Hardin or the members of his crew were reported, nor were fringe benefit contributions paid to the respective Trusts.

20. Neither plaintiffs nor any of their agents or representatives had any knowledge, either actual or constructive, of the defendants' failures to pay fringe benefit contributions for hours covered by the MSA during the calendar years 1968 and 1969 until on or about May 21, 1974, the date on which an employee of plaintiffs commenced an audit of the defendants' payroll and related records pursuant to discovery proceedings in this case.

21. The plaintiffs placed trust and confidence in the defendants that defendants would report all hours and pay all contributions to the Trusts as required by the Agreement. After entering into the Agreement, defendant partnership, knowingly in breach of the Agreement, failed to report 5,428.0 hours worked during the period from on or about January 1, 1968, through on or about February 28, 1969, and failed to pay contributions thereon; during the period from on or about March 1, 1969, through on or about December 31, 1969, defendant corporation, knowingly in breach of the Agreement, failed to report 3,716.5 hours worked and failed to pay contributions thereon.

22. From on or about the date this action was commenced through the final date of trial, plaintiffs were represented by the law firm of Wayne Jett, and during said time period plaintiffs' attorneys performed a total of 405 hours of professional legal services; the reasonable fee for such services might in the ordinary case be $50.00 per hour. However, in light of the results achieved, and all other guidelines including the schedules of reasonable attorneys' fees applicable in the State courts (Los Angeles County Superior Court Rule 14 and Kern

County Superior Court Rule 2(b), the reasonable attorneys' fees for plaintiffs is found to be $10,000.00.

## CONCLUSIONS OF LAW

1. The statute of limitations applicable herein is *California Civil Procedure Code* § 337, which provides for a four-year period within which to file an action based on an alleged breach of a written contract.

2. The statute of limitations was tolled until plaintiffs obtained knowledge of the facts upon which their cause of action is based. The tolling was caused by defendants' breach of the trust and confidence plaintiffs placed in defendants to report hours and pay contributions required by the Agreement. No portion of plaintiffs' claims are barred by the statute of limitations.

3. Plaintiffs are entitled to recover fringe benefit contributions at the specified hourly rates on all hours worked by (or paid) employees performing work under the MSA, except those hours spent travelling in excess of the guaranteed eight-hour work day.

4. Even if hours are not designated as "travel time" on the employees' paycheck stubs, defendants are entitled under the Agreement to a reasonable estimate of the number of hours of "travel time" in excess of the guaranteed eight-hour day, and contributions need not be paid to plaintiffs on such estimated "travel time" hours. The employer is also entitled to keep records of "travel time" on documents other than paycheck stubs.

5. The Corporation is not liable to plaintiffs for contributions under Article VIII of the MLA for hours worked by (or paid) field surveyors employed by the Corporation's independent contractor, Kern Engineering.

6. During the period from and including on or about April 1, 1969, to the date of trial, Mr. Harold Hardin was not an employee of the Corporation, but rather was an independent contractor performing hours of field survey work for the Corporation. The Corporation is not liable to pay contributions to plaintiffs with regard to such hours.

7. The Corporation is not liable to plaintiffs for contributions under Article VIII of the MLA for field survey hours worked by (or paid) the Corporation's independent contractor, Harold Hardin, or any of Mr. Hardin's field survey crew.

8. The plaintiff-Trustees of the Operating Engineers Health and Welfare Fund are entitled to recover from the defendants, as liquidated damages, the sum of twenty dollars ($20.00) for each month during which the respective defendant was delinquent in its payment of contributions to the Trusts.

9. The plaintiff-Trustees of the Operating Engineers Pension Trust are entitled to recover from the defendants, as liquidated damages, the sum of twenty dollars ($20.00) for each month during which the respective defendant was delinquent in its payment of contributions to the Trusts.

10. The plaintiffs are entitled to recover from the respective defendants their reasonable attorneys' fees and costs of suit incurred in this matter. The liability for payment of such amounts shall be apportioned between the partnership and the Corporation based on the number of months covered by plaintiffs' claims against each defendant.

11. The general partners of the Partnership (Herb Hull and Carl Moreland) are jointly and severally liable for the amounts owed by the Partnership.

12. The Corporation is not the "alter ego" of the Partnership, and the Partnership is not jointly and severally liable for the amounts owed by the Corporation.