CARPENTERS LOCAL UNION NO. 971 and Trustees of the Carpenters Trust Funds, et al., Plaintiffs,

v.

Larry E. CLYNE, individually and also doing business as E & L Construction, Defendants.

No. CV–R–82–241–ECR.

United States District Court, D. Nevada.

Feb. 16, 1984.

Robert M. Sader, Paul H. Lamboley, Reno, Nev., for plaintiffs.

John J. McCune, Michael B. Springer and Timothy E. Rowe, Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiffs have moved for partial summary judgment on the issue whether Defendant has been bound under a collective bargaining agreement, from January 1, 1980, to the present, to pay contributions on account of fringe benefits paid for the benefit of carpenters he has employed.

Defendant, a contractor, signed a short form collective bargaining agreement in November 1978. It incorporated a master labor agreement (MLA) between a general contractors' association and certain unions. The terms of both agreements were to extend at least until June 30, 1980.

Contributions on account of fringe benefits were paid by Defendant until December 1979. None were paid between January and June of 1980. By notice dated April 7, 1980, Plaintiff Carpenters Local 971 (Union) advised Defendant that Union wished to enter into negotiations to modify the MLA. Defendant did not respond in any way to the notice. A new MLA, to remain in effect at least from July 1, 1980, to June 30, 1983, was entered into by the contractors' association and the unions. In July 1980 Plaintiff Union mailed a copy of the new MLA to Defendant and advised the latter that he was bound by its terms. Defendant did not respond. He paid no contributions on account of fringe benefits from July to December 1980, nor from April 1981 to the present. He did pay some for January, February and March 1981, his bookkeeper signing the agreement to be bound clause of the reporting forms.

It is not controverted that Defendant was covered by the old MLA up until June 30, 1980, and that he made no payments between January and June of that year. Liability under the new MLA is disputed. Plaintiffs acknowledge that the April 7, 1980, notice given by Union caused the old MLA to terminate on June 30, 1980, but argue that Defendant became bound by the new MLA under the terms of the short form collective bargaining agreement.

Defendant has counterclaimed for the contributions on account of fringe benefits he paid in January, February and March 1981, contending that he was not obligated to make the payments and that they were made under duress from Plaintiffs. He insists that a summary judgment in favor of Plaintiffs, even for the contributions on account of fringe benefits he failed to pay pursuant to the old MLA, would be inappropriate until his counterclaim is decided. Further, Defendant argues that the parties intended the short form agreement and the old MLA to be one integrated agreement,

so that termination of the MLA also terminated the short form agreement.

Plaintiffs reply that the interpretation of collective bargaining agreements is a matter of law confined to the written terms, so that the purported intent of the parties is irrelevant. Also, they stoutly maintain that Defendant's counterclaim does not preclude a partial summary judgment against him to the extent of his liability under the old MLA.

DISCUSSION

The most recent pronouncements of the Ninth Circuit declare that the policy behind section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), requires that contract interpretation of fringe benefit provisions be confined to the written terms of the covering welfare trust fund agreement. *Kemmis v. McGoldrick,* 706 F.2d 993, 996 (9th Cir.1983); *San Pedro Fishermen's Welfare v. DiBernardo,* 664 F.2d 1344, 1345 (9th Cir.1982). Both cases involved enforcement by the trustees of contractors' obligations to make contributions to welfare trust funds. The instant action revolves around the same issue.

■ The short form agreement here involved emphatically declares that, except for any specific exclusions contained in the short form itself, the MLA is "specifically incorporated by reference and made a part of this" short form agreement. Where there is such a broad incorporation of MLA terms into the short form, both documents must be read together. *Zinser-Furby, Inc. v. San Diego County Dist. Council,* 516 F.Supp. 952, 955 (S.D.Cal.1981), *aff'd* 681 F.2d 1171 (9th Cir.1982). The District Court's opinion, at 955, points out that the purpose of short form agreements is to bring employers who are not signators to the MLA into line with the uniform wages and working conditions enjoyed by union workers in the particular building trade in the area. They are sometimes called "me to" agreements.

■ Although a collective bargaining agreement is not "renewed" by modification, *East Bay U. of Mach., Local 1304 v. Fibreboard Paper Prod. Corp.,* 285 F.Supp. 282, 289 (N.D.Cal.1968), *aff'd* 435 F.2d 556 (9th Cir.1970), Defendant herein, in the short form agreement, agreed to comply with any "amendments" or "modifications" of "such labor agreement [MLA] and trust agreements." This provision is not ambiguous. *See Seymour v. Coughlin Co.,* 609 F.2d 346, 351 (9th Cir.1979). The terms of the modified MLA, whose term extended from July 1, 1980, to June 30, 1983, automatically were incorporated by reference into the short form agreement. In order to modify or terminate the latter agreement, Defendant would have to follow paragraph (3) of that agreement, which requires the giving of written notice at least sixty days prior to June 30th.

■ The pendence of Defendant's counterclaim does not preclude the granting of a partial summary judgment in favor of Plaintiffs. *See Davis v. Fendler,* 650 F.2d 1154, 1164 (9th Cir.1981); *Electroglas, Inc. v. Dynatex Corp.,* 473 F.Supp. 1167, 1171 (N.D.Cal.1979). Therefore, the Court is going to award a partial summary judgment at this time. In addition, it shall follow the guidelines set forth in Fed.R.Civ.P. 56(d), since the case cannot be fully adjudicated at this stage of the proceedings. Accordingly,

IT IS HEREBY DECREED that the following material facts exist without substantial controversy:

1. Defendant was bound by the MLA covering the period from July 1, 1978, to June 30, 1980.

2. Defendant was bound by the modified MLA covering the period from July 1, 1980, to June 30, 1983.

3. Defendant has reported and paid contributions on account of fringe benefits for carpenters in his employ during January, February and March 1981.

4. Defendant has not paid contributions on account of fringe benefits for carpenters in his employ from July 1, 1980, to the present, except as mentioned in paragraph 3, immediately above.

IT IS ORDERED that, upon the trial of this action, the above-listed facts shall be deemed established.

IT IS FURTHER DECREED that the following material facts are actually and in good faith controverted:

1. Whether the defendant has been bound by an MLA since July 1, 1983, and, if so, for what period of time.

2. Whether the defendant's employee who signed the reporting forms for the months of January, February and March 1981 had real or apparent authority to bind the defendant.

3. Whether the payments made by the defendant for the months of January, February and March 1981 were made under duress.

IT IS HEREBY ORDERED that the plaintiffs have partial summary judgment against defendant as follows:

1. In the sum of $32,204.77 for contributions on account of fringe benefits for the period commencing July 1, 1980, and ending December 31, 1982, said sum including all interest accrued through December 31, 1982. Interest shall continue to accrue from January 1, 1983, until the date that final judgment is entered herein.

2. In the sum of $3,912.92 for contributions on account of fringe benefits for the period commencing January 1, 1980, and ending June 30, 1980, said sum including all interest accrued through July 31, 1981. Interest shall continue to accrue from August 1, 1981, until the date that final judgment is entered herein.