Winton KEMMIS, etc., et al.,
Plaintiffs/Appellees,

v.

James P. McGOLDRICK, etc.,
Defendants/Appellants.

No. 83-6292.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 1985.

Decided July 29, 1985.

Wayne Jett, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs/appellees.

James T. Winkler, Atkinson, Andelson, Loya, Rudd & Romo, Long Beach, Cal., for defendants/appellants.

Before BOOCHEVER and BEEZER, Circuit Judges, and SOLOMON *, District Judge.

BOOCHEVER, Circuit Judge:

McGoldrick appeals the district court's decision that modification of a master labor agreement incorporated by a short form agreement between McGoldrick and the surveyors' union did not terminate the short form agreement. The district court found that the parties, at the time they executed the short form agreement, intended to be bound by future modifications of the master agreement. Because we agree with the district court's construction of the short form agreement's termination provisions, we affirm.

## I. FACTS

McGoldrick owns a consulting engineering firm. In 1978, McGoldrick entered into a short form collective bargaining agreement with the International Union of Operating Engineers, Local Union No. 12. Article II of the short form bound McGoldrick to the terms of the multiple-employer Master Field Survey Agreement (MFSA) as "modified, re-negotiated, amended, and renewed from time to time," although McGoldrick had not signed the MFSA. Article V of the short form provided that the agreement would

> continue in effect for the same term as the applicable multiple-employer labor agreements and for *any renewals and extensions thereof,* unless either party shall give written notice to the other party, not less than ninety (90) nor more than one hundred twenty (120) days prior to the termination date of the appropriate multiple-employer agreement, of its desire to terminate. (emphasis added)

The MFSA in effect when McGoldrick signed the short form expired August 1, 1980. It was renegotiated and modified for a term of three years, August 1, 1980 to

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

August 1, 1983. In April 1981, McGoldrick sent a notice of termination to Local 12. Under the terms of the short form, if McGoldrick was bound by the new MFSA, this notice could not terminate the agreement; the next possible termination date was August 1, 1983. *See Irwin v. Carpenters Health & Welfare Trust Fund,* 745 F.2d 553, 556–57 (9th Cir.1984).

The MFSA requires employers to make contributions to employee benefit trust funds at specified rates. McGoldrick did not contribute the amounts which the trustees of the funds considered appropriate, and the trustees filed suit under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982) (LMRA), and ERISA, 29 U.S.C. § 1132(e) (1982), to collect the delinquent contributions. *Kemmis v. McGoldrick,* 706 F.2d 993, 995 (9th Cir. 1983) (*Kemmis I*). McGoldrick argued in *Kemmis I* that an oral agreement contemporaneous with the execution of the short form had reduced the amount of contributions for which he was obligated. The trial court agreed, but this circuit reversed and remanded, holding that oral agreements may not be used to interpret written multiple-employer trust fund agreements. *Id.* at 995–97.

On remand, the parties agreed in a Joint Status Report that the only remaining legal issue was defendant's contention that he was not bound by the renegotiated MFSA because it had been modified. This issue had been raised but not considered at the first trial. The district court found the termination language of the short form ambiguous. The court considered evidence of custom in the industry, the conduct of the parties subsequent to contract formation, and the language of the short form, and found that the parties intended that McGoldrick continue to be bound by the MFSA as modified. McGoldrick appeals, contending that Ninth Circuit precedent establishes that modification of a multiple-employer agreement terminates the short form agreement at issue here, and in the alternative that his notice of termination was an effective repudiation of the agreement under section 8(f) of the LMRA, 29

U.S.C. § 158(f) (1982). McGoldrick also contends that the trial court erred in considering oral evidence of custom.

## II.  EVIDENCE OF CUSTOM AND USAGE

█ McGoldrick argues that this circuit's rejection of oral testimony in *Kemmis I* precludes the oral testimony about custom on the issue whether the parties intended modification of the master agreement to terminate the short form agreement. This argument is meritless. *Kemmis I* prohibited testimony as to oral agreements between the contracting parties, not testimony as to industry-wide practices. *Kemmis I,* 706 F.2d at 996. In fact, *Kemmis I* specifically stated that interpretation of collective bargaining agreements requires a court to consider evidence of industry-wide custom. *Id.; accord Transportation-Communication Employees Union v. Union Pacific Railroad,* 385 U.S. 157, 161, 87 S.Ct. 369, 371, 17 L.Ed.2d 264 (1966).

## III.  MODIFICATION OF THE MFSA

### A. *The district court decision*

Article V of the short form provides that the parties will be bound by renewals or extensions of the MFSA, but does not mention modifications of the MFSA. Article II of the short form, on the other hand, provides that the parties will be bound by the MFSA as "modified, re-negotiated, amended, and renewed." McGoldrick argues that because Article V specifically addresses termination, its terms control over the terms of Article II, and that the short form bound him only to renewals and extensions, not modifications. Thus the 1980 modification of the MFSA terminated the short form. The trustees argue that Article II and Article V must be construed together, and that when so construed in light of the evidence of the parties' conduct and the industry practice, the agreement binds McGoldrick to modifications of the MFSA.

We review the interpretation of a contractual provision de novo. *Kemmis I,* 706 F.2d at 996. If a provision is ambiguous, however, its interpretation depends on the parties' intent at the time of execution. *Laborers Health & Welfare Trust Fund v. Kaufman & Broad, Inc.,* 707 F.2d 412, 418 (9th Cir.1983). The district court then should make factual findings as to the parties' actual intent. *See Arizona Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co.,* 753 F.2d 1512, 1517–18 (9th Cir.1985). We review such factual findings under the clearly erroneous standard. *Interpetrol Bermuda Ltd. v. Kaiser Aluminum International Corp.,* 719 F.2d 992, 998 (9th Cir.1984).

The district court considered Article II and Article V of the short form together and found them ambiguous. We agree with the district court: Article II indicates that the employer will be bound by renewed or modified master agreements, but Article V indicates that the employer will be bound only by renewed agreements. The district court properly looked to extrinsic evidence to resolve the apparent inconsistency. *See Arizona Laborers,* 753 F.2d at 1517–18.

The district court considered two types of extrinsic evidence as to intent: the conduct of the parties subsequent to contract formation, and custom in the industry. As discussed above, evidence of industry custom was properly admitted. Evidence as to conduct of the parties is also admissible on the intent issue, and should be given great weight. *Arizona Laborers,* 753 F.2d at 1519; *Kaufman & Broad,* 707 F.2d at 418.

The district court found that the custom in the industry was to treat short form agreements as incorporating modified master labor agreements. The only argument McGoldrick offers to prove this finding erroneous is that the testimony, given by a union official, was self-serving. Apparently McGoldrick chose not to offer his own evidence on the issue. We cannot say

that the district court's acceptance of the uncontested union testimony was clearly erroneous.

The district court also found that McGoldrick did not treat the agreement as terminated when modified. He continued to make contributions to the trust fund after August 1, 1980, and sent a notice of termination in April 1981, seven months after the date upon which he now argues the agreement terminated. McGoldrick does not dispute this finding on appeal. Instead, McGoldrick argues that this circuit rejected such evidence in *Seymour v. Coughlin Co.,* 609 F.2d 346, 351–52 (9th Cir.1979), *cert. denied,* 446 U.S. 957, 100 S.Ct. 2929, 64 L.Ed.2d 816 (1980). In *Seymour,* as in this case, the trustees of an employee benefit fund argued that the employer's continued contributions to the fund after the modification of the master agreement showed his intent to be bound by the modified agreement. The district court found that the employer was not bound. On appeal, the trustees argued that the subsequent conduct evidence made the district court's decision clearly erroneous. The court of appeals disagreed, not because the evidence was not admissible or relevant, but because it was insufficient in that case to demonstrate that the trial court had clearly erred. *Id.* Thus *Seymour* does not preclude the district court's consideration of the parties' conduct on the issue of intent.

Based on the evidence of the parties' conduct and the custom in the industry, the district court found that the parties, at the time they executed the short form, intended to be bound by future modifications of the MFSA. McGoldrick has not shown that finding to be clearly erroneous.

B. *The Seymour decision*

In the *Seymour* case, this circuit considered a short form agreement in which the language relevant to modifications in the master labor agreement was nearly identical to the language of the short form in this case. *See Seymour,* 609 F.2d at 349. In *Seymour,* the district court made no findings as to Article II of the short

form, but interpreted Article V as terminating the short form upon modification of the master agreement. This circuit affirmed. *Id.* at 350. McGoldrick contends that *Seymour* controls this case because the short forms in question are the same. McGoldrick urges us to hold that *Seymour* establishes the meaning of this particular short form language as a matter of law, regardless of evidence as to the intent of the contracting parties. This circuit has already rejected that position, holding that *Coughlin* did not announce a per se rule and that "a case by case analysis of the agreements involved provides the best evidence of the parties' intent." *Construction Teamsters Health & Welfare Trust v. Con Form Construction Corp.*, 657 F.2d 1101, 1103 (9th Cir.1981); *accord Zinser-Furby, Inc. v. San Diego County District Council of Carpenters*, 681 F.2d 1171, 1172 (9th Cir.1982) (per curiam). This case is distinguishable from *Seymour* in that the trustees here introduced evidence of industry custom, and apparently no such evidence was presented in *Seymour*. *Seymour* is not controlling here.

We further note that there is a line of Ninth Circuit cases suggesting that interpretation of provisions of a master labor agreement should be treated as a matter of law controlling in subsequent cases. *See Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.*, 746 F.2d 557, 568 (9th Cir.1984); *Kemmis I,* 706 F.2d at 997. "The overriding federal policy is 'best effectuated if collective bargaining agreements are interpreted and enforced in a uniform manner.'" *Kemmis,* 706 F.2d at 997 (quoting *Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1109 (9th Cir.1979)). There is no conflict between these decisions and our opinion in this case or the *Con Form* opinion. *Operating Engineers* and *Kemmis I* addressed attempted oral modifications of the substantive provisions of master labor agreements. *Con Form* and this case concern short form agreements. These decisions do not affect the substantive provisions of the employee benefit plans, but determine whether an individual employer did or did not intend to be bound by the plan as a whole. An additional reason not to apply the *Beck* uniformity principle here is that *Seymour*'s interpretation of the short form agreement was based on an incomplete evidentiary record. In such a situation, the need for uniformity is outweighed by the need to determine the true meaning of the agreement. Accordingly, we conclude that the decision in *Seymour* is not binding upon us.

### C. Section 8(f) repudiation

McGoldrick argues that his April 1981 notice of termination effected a repudiation of the short form agreement under section 8(f) of the LMRA. *See generally Jim McNeff, Inc. v. Todd,* 461 U.S. 260, 103 S.Ct. 1753, 75 L.Ed.2d 830 (1983). The section 8(f) issue was not included in the Joint Status Report of issues remaining for determination after remand, which McGoldrick's counsel signed, and was not raised on remand until the post-trial brief. The trial court rejected the argument for that reason, although it noted that on the facts it could perceive no repudiation. Because the issue was not properly raised in the trial court, we do not consider it on appeal. *See Seymour,* 609 F.2d at 348–49.

The decision of the district court is therefore

AFFIRMED.