BOARD OF TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST; Local 528 Board of Trustees of the Local Union 528 Cement Masons Journeyman and Apprenticeship Training Trust; Local 528 Board of Trustees of the Western Washington Cement Masons Vacation Trust Fund and Plan, Plaintiffs—Appellees,

v.

WHITEWATER ENGINEERING CORPORATION, a Washington corporation, Contractor's Registration No. Whiteeco87MO, Defendant—Appellant.

No. 01–36081.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2003.*

Decided April 17, 2003.

Appeal from the United States District Court for the Western District of Washington, Thomas S. Zilly, District Judge, Presiding. D.C. No. CV–00–01077–TSZ.

Before: D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM ***

Whitewater Engineering Corporation ("Whitewater") appeals from the district court's entry of summary judgment in a suit brought by boards of trustees of various union pension funds (collectively referred to as "Trustees"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

The sole question in the case is whether Whitewater was obligated to make trust fund contributions on behalf of a supervisory employee who also performed work covered by the applicable collective bargaining agreement. We have long adhered to the rule that when an employee splits his working time between a position covered by a collective bargaining agreement and a non-covered position, the employer must contribute for all hours the employee works or is paid. *See Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc.*, 911 F.2d 1347, 1351 (9th Cir.1990) (applying split-time rule requiring pension contributions for employees performing both covered and non-covered work); *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1341 (9th Cir.1988) (same); *Kemmis v. McGolderick*, 706 F.2d 993 (9th Cir.1983) (applying split-time rule in favor of salaried employee who split work time between covered and non-covered work).

If an employee has performed work covered by the collective bargaining agreement, the court conducts a two-step inquiry. *See B & E Backhoe*, 911 F.2d 1347, 1351 (9th Cir.1990). First, the court begins with the presumption that the employee worked forty hours per week. If the employer is able to rebut that presumption, then it need only contribute for the actual hours the employee worked. *Id.* at 1352. If the presumption is not overcome, then the court applies the conclusive presumption that the employee spent forty hours on covered work, even though the employee may in fact have spent part of his or her time on non-covered work. *Id.*

Whitewater does not dispute this, but argues that the controlling authority is predicated on a different collective bargaining agreement than is at issue here; therefore, it contends that the split time rule should not apply. However, a careful examination of the relevant case law and the applicable collective bargaining agreement does not support Whitewater's position. We have applied the split-time rule in a variety of contexts and stated that "[t]he overriding federal policy is best effectuated if collective bargaining agreements are interpreted and enforced in a uniform manner." *Kemmis*, 706 F.2d at 997 (internal quotation marks omitted).

The collective bargaining agreement at issue here does not appreciably differ from those we have previously considered. The agreement applies to all work performed by cement masons and defines a cement mason as a person who does cement mason work. The collective bargaining agreement here requires the employer to make contributions for all work performed under the agreement. There is no dispute that the employee at issue performed work covered by the agreement. Therefore, contributions were required even though he also performed managerial functions. It is clearly established that the split-time rule applies to managerial employees who perform bargaining unit work. *See A–C Co.*, 859 F.2d at 1338 (requiring pension fund contributions for CEO, corporate VP, and Superintendent who performed bargaining

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

unit work); *Waggoner v. Wm. Radkovich Co.*, 620 F.2d 206, 207 (9th Cir.1980) (requiring trust fund contributions for Superintendent who performed some bargaining unit work, even though CBA expressly exempted Superintendents from fund contributions); *Waggoner v. C. & D. Pipeline Co.*, 601 F.2d 456, 457 (9th Cir.1979) (requiring contributions for President and Managing Officer who also performed bargaining unit work).

## II

Whitewater also argues that the cement masonery worked performed by the employee violated the collective bargaining agreement because he could not be considered part of the bargaining unit. However, whether or not his performance of the work was a violation of the collective bargaining agreement is irrelevant to Whitewater's pension obligations. *See Waggoner v. N.W. Excavating, Inc.*, 642 F.2d 333 (9th Cir.1981), *judgment vacated by* 455 U.S. 931, 102 S.Ct. 1417, 71 L.Ed.2d 640 (1982), *and reaffirmed by* 685 F.2d 1224 (9th Cir.1982) (holding that employer who breached collective bargaining agreement by hiring independent contractor to perform work reserved for employees was obligated to provide trust fund contributions in amount equal to what was lost by virtue of its employment of independent contractors).

## III

Whitewater contends that in this case the definition of "employee" set out in Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(3), should be imported into the collective bargaining agreement under the theory that a "Cement Mason" is defined for purposes of the agreement as a member of the bargaining unit. In the relevant section, the LMRA excludes from the definition of the term "employee," "any individual employed as a supervisor." However, it is

well established that the terms are not coextensive. Because the term "employee" under § 152(3) defines who is a member of the bargaining unit, it is narrower than the term "employee" as used for the purposes of determining benefit obligations under 29 U.S.C. § 186(c). *See, e.g., Allied Chem. & Alkali Workers of Am., Local Union 1 v. Pittsburgh Plate 'Glass Co.*, 404 U.S. 157, 170, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971) (retirees are not "employees" under § 2 of LMRA and thus not members of the bargaining unit, but are "employees" under § 302 and thus eligible to participate in trust benefits); *Maas & Feduska, Inc. v. NRLB*, 632 F.2d 714, 718 (9th Cir.1979) (Employees who were "supervisors and sole executives of the Company, cannot be deemed employees within the collective bargaining obligations of the applicable law, even though their performance of some bargaining unit work made them eligible for participation in the trust funds."). Therefore, Whitewater's reliance on § 152(3) fails because the Agreement does not limit the definition of "Cement Mason" to members of the bargaining unit.

## IV

Finally, Whitewater argues that trust contributions on behalf of the employee are impermissible because the terms of the trust prohibit payments on behalf of supervisors without an express written agreement between the Employer and the Trustees. However, contributions were not sought for the employee at issue on the basis of the work he performed as a supervisor. A careful examination of the trust provisions indicates that the employee at issue qualified as an eligible employee under the terms of the trust agreement.

**AFFIRMED**