UNITED BRICK & CLAY WORKERS OF AMERICA v. JUNCTION CITY CLAY CO. et al.

No. 10311.

Circuit Court of Appeals, Sixth Circuit.

Dec. 23, 1946.

---

H. M. Rust, of Mansfield, Ohio, for appellant.

Louis E. Penfield and Cornelius J. Petzhold, both of Cincinnati, Ohio (Gerhard P. Van Arkel, A. Norman Somers, Dominick L. Manoli, and William J. Avrutis, all of Washington, D. C., Hubbard, Baker & Rice, of Chicago, Ill., Francis M. Thompson, of Columbus, Ohio, and Schweid, Snyder, Torbet & Zucker, of Cleveland, Ohio, on the brief; Paul H. Torbet, of Cleveland, Ohio, of counsel), for appellees.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

## PER CURIAM.

The appellant filed an action in the District Court, alleging that the appellees had engaged in a conspiracy in violation of the Sherman Anti-Trust Act, 15 U.S.C. § 1 et seq., 15 U.S.C.A. § 1 et seq., and of the National Labor Relations Act, 29 U.S.C. § 151 et seq., 29 U.S.C.A. § 151 et seq., and seeking equitable relief. The District Court dismissed the action.

The complaint in substance alleges that the appellant, the national organization of workers in the brick and clay industry, filed various petitions for elections with appellee Martin Wagner, regional director of the National Labor Relations Board, asking to be certified as the exclusive bargaining agent for the employees of the Junction City Clay Company and the Logan Clay Products Company, two of the appellees; that the regional director conspired with the Logan Clay Products Company and Stevenson, Jordan and Harrison, Inc., an organization which, among other things, furnishes strikebreakers to employers, through its agent, appellant Marcellus, and pursuant thereto "delayed holding said elections until such time as the employers in conspiracy with said Stevenson, Jordan and Harrison, Inc. and other conspirators had destroyed and dissipated the majority of employees" of the Logan Clay Products Company who had selected the appellant as their bargaining agency. The complaint also avers that the appellant filed a similar petition with the regional director to be certified as the exclusive permanent agent for the employees of appellee the Junction City Clay Company; that appellee Pierce, a field examiner of the Board, conspired with appellee Marcellus and appellee the Junction City Clay Company, and demanded of appellant's agent that the petition be withdrawn under the pretense that the Junction City Clay Company already had a collective bargaining agreement for its employees. It is further alleged that when the agent of the appellant did not

withdraw the petition, the Junction City Clay Company discharged nine employees, members of appellant's union, because of their union activities and in order to destroy appellant's majority among its employees. Appellant prayed for an injunction ordering appellees to cease from further acts in furtherance of the conspiracy, and a decree ordering appellees the Junction City Clay Company and the Logan Clay Products Company to cease ·and desist from refusing to bargain with appellant, and for treble damages and attorneys' fees.

■ We think the order of the District Court dismissing the petition is clearly correct for two reasons, either of which compels affirmance of the order. Violations of the National Labor Relations Act lie within the exclusive jurisdiction of the National Labor Relations Board, under § 10(a) of the Act, and hence the District Court has no jurisdiction of the subject-matter of the action. Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48, 50, 58 S.Ct. 459, 82 L.Ed. 638.

■ The petition does not state a cause of action. The appellant has an adequate remedy before the National Labor Relations Board which it has failed to exhaust. § 10(a), National Labor Relations Act, 29 U.S.C. § 151 et seq., 29 U.S.C.A. § 151 et seq. This is an insuperable obstacle to the maintenance of the action in° this court. Myers v. Bethlehem Shipbuilding Corp., supra, 303 U.S. 41 at pages 50, 51, .58 S.Ct. 459, 82 L.Ed. 638; Madden v. Brotherhood and Union of Transit Employees of Baltimore, 4 Cir., 147 F.2d 439.

■ The acts described in the petition do not come within the purview of the Sherman Anti-trust Act, for they do not allege the imposition by appellees of any form of restraint upon commercial competition in the marketing of goods or service. Apex Hosiery Co. v. Leader, 310 U.S. 469, 493-500, 60 S.Ct. 982, 84 L.Ed. 1311, 128 A.L.R. 1044.

The judgment of the District Court is affirmed.