**SEARS, ROEBUCK AND CO., et al.,
Appellants,**

**v.**

**Joseph H. SOLIEN, Regional Director of
the Fourteenth Region of the National
Labor Relations Board, for and on Be-
half of the NATIONAL LABOR RELA-
TIONS BOARD, Appellee.**

**Nos. 20462, 20472.**

United States Court of Appeals,
Eighth Circuit.

Nov. 3, 1971.

Gerard C. Smetana, Chicago, Ill., D.
J. Sullivan, Lewis, Rice, Tucker, Allen
& Chubb, St. Louis, Mo., Lawrence M.
Cohen, Theodore J. Tierney, Lederer,
Fox & Grove, Chicago, Ill., for appellant
Sears, Roebuck and Co.

Gerald Tockman, McMahon & Berger,
St. Louis, Mo., Jerry Kronenberg, Bor-
ovsky, Ehrlich & Kronenberg, Chicago,
Ill., for appellants Terminal Freight Co-
operative Ass'n and Terminal Freight
Handling Co.

Marvin Roth, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Assistant Gen. Counsel, Glen M. Bendixsen, Chief of Special Litigation, Michael F. Rosenblum, Attys., N. L. R. B., for appellee.

Before MEHAFFY, ROSS and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The facts of this case are fully revealed in Solien v. Miscellaneous Drivers and Helpers Union, Local No. 610, 440 F.2d 124 (8 Cir. 1971).[1] (hereinafter referred to as "Solien I") and Terminal Freight Handling Co. v. Solien, 444 F.2d 699 (8 Cir. 1971)[2] (hereinafter referred to as "Solien II"). Only those directly pertinent will be restated.

Appellants filed an unfair labor practice charge with the NLRB alleging that Teamsters Local 610 was engaging in a secondary boycott in violation of § 8(b) (4) (B) (29 U.S.C. § 158(b) (4) (B)). After an initial refusal to do so (see *Solien II*), the Regional Director petitioned for a temporary injunction pursuant to § 10(*l*) (29 U.S.C. § 160(*l*)). The Regional Director, however, conducted unilateral settlement negotiations with the Union to dispose of the charges set forth in the complaint. When the Regional Director refused appellants permission to participate in the negotiations, they instituted the present action in district court where it was dismissed for lack of subject matter jurisdiction.

Appellants assail Judge Harper's dismissal of their suit to enjoin the Regional Director from approving or engaging further in settlement discussions without the informed participation of the charging parties (the appellants). Over appellants objections, the Regional Director and the Union executed a formal settlement agreement which provided for the entry of a Board order and enforcement decree from the Court of Appeals. The settlement agreement having been approved by the General Counsel, it has been submitted to the Board.

The gist of appellants' claim is thus: Rather than pursue the prescribed course of temporary injunction, hearing and Board order (in which event the charging parties would have limited rights to call, examine and cross-examine witnesses and present evidence for the record), or conclude an informal settlement agreement (in which event the concurrence of the charging parties must be obtained, see Leeds & Northrup Co. v. NLRB, 357 F.2d 527 (3 Cir. 1966)), the Regional Director elected to negotiate a formal settlement agreement with the Union while refusing to allow appellants the right to participate in such negotiations. Although appellants may formally object to the proposed settlement by appeal to the General Counsel and the Board, appellants assert that their exclusion from the negotiations effectively prevents them as charging parties from sufficiently learning the facts in order to formulate meaningful and valid objections to the settlement agreement. They claim the broadened rights granted to charging parties under the policy expressed in International Union, United Automobile Workers v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965), have here been arbitrarily denied them by the Regional Director and General Counsel.

Appellants also assert that the district court has jurisdiction over this sub-

---

1. In *Solien I*, this Court ruled that a charging party does not possess the status of a full party litigant nor can it intervene in a district court injunction proceeding pursuant to § 10(*l*) of the National Labor Relations Act.

2. In *Solien II*, this Court ruled that upon a *reasonable cause* determination by the Regional Director pursuant to § 10, and if he is unable to secure a cessation of the unlawful conduct upon summary demand or by negotiation, it is mandatory that he then petition for temporary injunction and issue a complaint.

ject matter. They contend that § 3(d) (29 U.S.C. § 153(d)) which grants to the General Counsel *final authority* concerning § 10 investigations, charges and prosecutions, precludes the Board from reviewing the issue at hand, thereby foreclosing any appellate review of their claim. In short, appellants contend the district court is the only avenue open to them for judicial review of the actions of the Regional Director and General Counsel since there are no further administrative remedies available. We disagree.

 It has long been settled that jurisdiction to prevent persons from engaging in unfair labor practices is exclusively vested in the Board and courts of appeals. Upon review by the appellate court, all questions of the regularity of Board proceedings, constitutional rights, or statutory authority are open for examination. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S. Ct. 459, 82 L.Ed. 638 (1938); United Aircraft Corp. v. McCulloch, 125 U.S. App.D.C. 27, 365 F.2d 960 (1966). There is one exception to the rule. A district court has jurisdiction when the Board or its agents engage in acts which are either contrary to specific prohibitions of the Act or are in excess of their delegated powers. Leedom v. Kyne, 358 U. S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and *Solien II, supra,* 444 F.2d at 703–704. Appellants, however, must also contend with the rule of judicial administration that no judicial relief is available unless the prescribed administrative remedies have been exhausted. Myers v. Bethlehem Shipbuilding Corp., *supra,* 303 U.S. at 50–51, 58 S.Ct. 459, and Meekins Inc. v. Boire, 320 F.2d 445 (5 Cir. 1963).

Appellants claim that the conduct of the Regional Director was contrary to the Rules and Regulations promulgated by the Board.

Relevant excerpts of the Board's Rules are as follows:

29 C.F.R. § 102.8 Party.

The term "party" as used herein shall mean * * * *any person filing a charge or petition under the act, * * *.*

§ 101.9 Settlement after issuance of complaint.

(a) Even though formal proceedings have begun, the parties again have full opportunity at every stage to dispose of the case by amicable adjustment and in compliance with the law. Thus, after the complaint has been issued and a hearing scheduled or even begun, the attorney in charge of the case and the regional director *afford all parties every opportunity for the submission of facts, argument, offers of settlement, or proposals of adjustment,* except where time, the nature of the proceeding, and the public interest do not permit.

\* \* \* \* \* \*

(c) (2) If the settlement agreement approved by the regional director is a formal one, providing for the entry of a Board order, the settlement agreement together with the charging party's objections and the regional director's written statements, are submitted to Washington, D. C., where they are reviewed by the general counsel. If the general counsel decides to approve the settlement agreement, he shall so inform the charging party and *submit the agreement and accompanying documents to the Board, upon whose approval the settlement is contingent.* * * * (emphasis added).

 From reading the above rules, we cannot say that the practice of the Regional Director in excluding charging parties from formal settlement negotiations is clearly contrary to the Board's directives in § 101.9(a). Indeed, however meritorious appellant's claim may appear, it is not for us to determine this critical issue at this time. Section 101.9(c) (2) clearly states that this issue is reviewable not only by the General Counsel but also by the Board and, therefore, an appellate court. See also Leeds & Northrup Co. v. NLRB, *supra,*

357 F.2d at 534. We conclude appellant may still obtain administrative relief from the Board. Furthermore, the Board itself is the appropriate tribunal for primary interpretation of its own rules. See NLRB v. Monsanto Chemical Co., 205 F.2d 763 (8 Cir. 1953); NLRB v. Grace Co., 184 F.2d 126 (8 Cir. 1950) and NLRB v. J. S. Popper, Inc., 113 F.2d 602 (3 Cir. 1940). *Cf.* Textile Workers Union of America v. NLRB, 111 U.S.App.D.C. 109, 294 F.2d 738 (1961).

■ In conclusion, we cannot say that the conduct complained of is clearly in excess of the Regional Director's power. Since a determination of this issue is dependent upon a construction of the rules adopted by the Board, the Board itself is the proper forum to first pass on this matter. Furthermore, it is clear that appellants have not exhausted their available administrative remedies. A mere assertion of illegality of a practice of the Regional Director when full Board and appellate review is available is insufficient to grant the district court subject matter jurisdiction in the face of the well established doctrine of exhaustion of administrative remedies.

Affirmed.