**TERMINAL FREIGHT COOPERATIVE ASSOCIATION**
and
**Terminal Freight Handling Company, Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 18948.

United States Court of Appeals, Third Circuit.

June 7, 1972.

John W. Pelino, Pelino, Wasserstrom & Chucas, Philadelphia, Pa. (Borovsky, Ehrlich & Kronenberg, Chicago, Ill., Morris L. Chucas, Philadelphia, Pa., Jerry Kronenberg, Chicago, Ill., on the brief), for petitioners.

Marvin Roth, Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Chief of Special Litigation, Michael F. Rosenblum, Atty., N.L.R.B., on the brief), for respondent.

Present SEITZ, Chief Judge, and McLAUGHLIN, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, MAX ROSENN, JAMES ROSEN and HUNTER, Circuit Judges, and HANNUM, District Judge.

PER CURIAM.

The petition for rehearing filed by Petitioners in the above entitled case having been submitted to the judges who participated in the decision of this court, 3 Cir., 447 F.2d 1099, and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

MAX ROSENN, Circuit Judge (dissenting).

I respectfully dissent from the denial of this petition for clarification, or in the alternative, rehearing.

The issue in this case is a matter of drawing a line between the right of the General Counsel of the National Labor Relations Board to *unreviewable* discretion to institute an unfair labor practice complaint, Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and the right of the charging party to protect what he conceives to be his interests in an adjudication and disposition of that complaint. International Union, United Auto Workers v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965). We concluded in Leeds & Northrup v. NLRB, 357 F.2d 527 (3d Cir. 1966), that once the General Counsel had filed a complaint, he had crossed the line from the prosecutorial stage to the adjudicative stage, at which point the charging party "is accorded formal recognition." Id., at 533. He, therefore, had a right to a hearing challenging a subsequent settlement.

The question in this case is, in effect, whether there can be a crossing of that line in the absence of a filing of a formal complaint with the National Labor Relations Board. At least under the facts of this case, this court has answered no. I disagree.

This is not a situation where General Counsel has, after investigation, determined that there is no basis for the issuance of a complaint. Concededly, his exercise of judgment at this point is unreviewable. This case, however, is one where he found cause and initiated corrective action. The charging party (Terminal) complained that during a strike by the International Association of Machinists, District Lodge No. 1 it was subjected to unlawful secondary boycott activity. They filed an unfair labor practice charge against the union with the Regional Director of the NLRB. After investigation of the charge and upon determination that there was reasonable cause to believe it true, the Regional Director, on behalf of the Board, sought first, injunctive relief

under Section 10(*l*) of the National Labor Relations Act, on Terminal's behalf, and second, the issuance of a complaint by the Board. The district court granted a temporary restraining order enjoining the union's alleged secondary activity and a further hearing was fixed on the application for a continuation of the injunction. However, the hearing was never held and the complaint of the Board never issued because, prior to the date scheduled for the hearing, the union and the Regional Director, over the objections of Terminal, entered into a stipulation providing for the union's cessation of the alleged violation of the Act. Shortly after the district court approved the stipulation and dismissed the case, the union executed an informal settlement agreement with the Regional Director concerning the unfair labor practice charge. Terminal objected to the proposed settlement agreement and requested a hearing on the objections. The objections were dismissed and the hearing denied.

Since our decision in Leeds & Northrup v. NLRB, supra, the Supreme Court has reinforced its conclusion in *Scofield* by holding that, as a general proposition, those whose interests are sought to be protected by a statute should be able to seek judicial review. Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). In the somewhat analogous field of internal union governance, it has recently held that a complaining union member may intervene in an action brought by the Secretary of Labor to overturn a union officer election under Section 402 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482. Trbovich v. United Mine Workers, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). *See also*, Hodgson v. Carpenters Resilient Flooring, Local 2212, 457 F.2d 1364 (3d Cir. 1972).

In light of this trend of decisions, I would conclude that the charging party, Terminal Freight, is entitled to the hearing it sought on its objections to the settlement before the Labor Board.

The facts of this case show that the controversy had reached the adjudicative stage. The Regional Director must have found sufficient cause to issue a complaint because he could not have sought an injunction under Section 10(*l*), 29 U.S.C. § 160(*l*) without having made such a finding.[1]

I do not see the wisdom in denying a charging party who has filed such a proper and meritorious charge his hearing merely because the Regional Director has decided after obtaining the temporary restraining order not to pursue his application for a complaint before the Board. Once he has found merit to the charge, the Regional Director should not be able to preclude the right of the charging party to be heard by entering into an informal settlement. *Cf.* Sears Roebuck & Co. v. Solien, 450 F.2d 353 (8th Cir. 1971).

I believe that once the Regional Director finds merit to the charging party's complaint, especially when he has, as here, sought injunctive relief in the district court,[2] an amicable adjustment of

1. I believe that this conclusion is supported by NLRB v. Denver Building & Construction Trades Council, 341 U.S. 675, 682, 71 S.Ct. 943, 948, 95 L.Ed. 1284 (1951). Justice Burton, in explaining the function of § 10(*l*), states: "It [the Board] proceeded under § 10(*l*) which is designed to assist a preliminary investigation of the charges before the filing of a complaint. If the officer or regional attorney to whom the matter is referred has reasonable cause to believe that a charge is true and that a complaint should issue, the statute says that he shall petition an apropriate District Court for injunctive relief, pending the final adjudication of the Board."

2. Even at the injunction proceeding, the charging party can appear by counsel and present relevant testimony even though it cannot initiate such action or intervene. Solien v. Miscellaneous Drivers and Helpers Union, Local No. 610,

the labor dispute may not be brought about through informal negotiations without the consent of the charging party.

I would, therefore, grant the petition of Terminal for rehearing.

440 F.2d 124 (8th Cir. 1971), cert. denied, Sears Roebuck and Co. v. Solien, 403

U.S. 905, 91 S.Ct. 2206, 29 L.Ed.2d 680 (1971).