LEXINGTON CARTAGE COMPANY,
Plaintiff-Appellant,

and

Roosevelt Coats,
Movant-Intervenor-Appellant,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, TEAMSTERS LOCAL 651; Ken Silvers and Rex Edwards, Respectively President and Business Agent of Defendant Local, Defendants-Appellees,

and

National Labor Relations Board,
Intervenor-Appellee.

Nos. 82–5174, 82–5175.

United States Court of Appeals,
Sixth Circuit.

Argued May 3, 1983.

Decided July 27, 1983.

Robert F. Houlihan, Donald P. Wagner (argued), Stoll, Keenon & Park, Lexington, Ky., for Lexington Cartage Co.

Walter Lapp Sales, Segal, Isenberg, Sales & Stewart, Herbert L. Segal, Jr., Louisville, Ky., Eric Moskowitz (argued), for Local 651.

Margery E. Lieber, Gen. Counsel, Sp. Litigation, N.L.R.B., Washington, D.C., for the N.L.R.B.

John W. Morgan, Denney, Morgan & Rather, Reed Rhorer (argued), Lexington, Ky., for Roosevelt Coats.

Before KEITH and JONES, Circuit Judges, and TAYLOR, District Judge *.

ANNA DIGGS TAYLOR, District Judge.

This appeal is from the District Court's final judgment dismissing Lexington Cartage Company's complaint for lack of subject matter jurisdiction. Roosevelt Coats appeals from the Court's denial of his motion to intervene as party plaintiff. We affirm the orders of District Judge Scott Reed.

* Honorable Anna Diggs Taylor, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

Lexington Cartage Company filed its complaint on April 1, 1980, seeking a declaratory judgment that it had no duty to bargain with defendant Teamsters Union Local 651 pursuant to the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* It further sought to enjoin an allegedly threatened strike and picketing by the Union. The motion of the National Labor Relations Board to intervene as party defendant, on the basis of its exclusive original jurisdiction to adjudicate the issues of representation, duties to bargain, and statutory certification raised by the complaint, was granted on February 4, 1981.

The facts are essentially undisputed. On August 3, 1979, the Board conducted a representation election among a previously determined appropriate unit of the Company's sixteen truck drivers at its facility in Lexington, Kentucky. The Union won the election and its certification as exclusive bargaining representative of those drivers issued on October 30, 1979. Within a week after the certification the Company was presented with a petition which had been drafted and circulated by appellant Coats (a driver and member of the bargaining unit), which purported to bear the signatures of all unit members, and which disavowed the union and rejected its further representation.

The circumstances surrounding the Union's apparent loss of majority support and the impact of that loss upon the Company's duty to bargain and undisputed subsequent refusal to do so are discussed in this court's opinion in Case No. 82–1088, decided this date, enforcing the Board's bargaining order of October 22, 1981. That order resulted from the unfair labor practice charge which defendant Union filed against appellant Company on April 7, 1980.

The motion of Roosevelt Coats to intervene in the District Court was accompanied by a tendered complaint which specifically adopted "each and every allegation of the complaint" of his employer. Coats further alleged that the Union's continued representation violated his and his coworkers' rights under Section 7 of the NLRA, 29 U.S.C. § 157, and the First Amendment of the United States Constitution. He sought the court's declaratory judgment that the Union had no right under the NLRA to bargain on his behalf.

The District Court's opinion observed that both the Administrative Law Judge and the members of the Board, in findings and orders entered in the Board proceedings which had by that time concluded, had considered and rejected the same arguments raised by the Company in its lawsuit. Judge Reed noted the Board's finding that the Company had acted unlawfully, in violation of its obligation under the NLRA to bargain with a Board-certified union, in refusing to respond to this Union's bargaining proposals and in withdrawing recognition from the Union.

 Under the circumstances and applicable law, the District Court properly concluded that it had no jurisdiction of actions to adjudicate the extent and effect of bargaining obligations imposed upon employers and unions by the NLRA. It has been well settled since *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), that the Board has been designated by Congress as the exclusive forum of original jurisdiction for adjudicating questions of representation or unfair labor practices in violation of the NLRA, and that United States District Courts have no such jurisdiction. 29 U.S.C. §§ 158, 160(a). Mr. Justice Brandeis noted in *Myers* that:

> The grant of that exclusive power is constitutional, because the Act provided for appropriate procedure before the Board and in the review by the Circuit Court of Appeals an adequate opportunity to secure judicial protection against possible illegal action on the part of the Board. * * * · The independent right to apply to a Circuit Court of Appeals to have an order set aside is conferred upon *any party aggrieved* by the proceeding before the Board.

303 U.S. at 48–49, 58 S.Ct. at 462. (Emphasis added.)

Inasmuch as direct appeal lies from all Board decisions, under 29 U.S.C. § 160(e) and (f), to the Court of Appeals; as the Board itself is required by the Act to resort to those courts for enforcement of its orders; and as the standards and procedures to which the Board must statutorily conform meet all due process requirements for administrative decisionmaking and judicial review, the statutory grant of exclusive original jurisdiction has long been recognized as constitutionally valid. *National Labor Relations Board v. Jones and Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937).

The *Myers* court further noted that complaints such as that filed by this appellant in the District Court are "... at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." 303 U.S. at 50–51, 58 S.Ct. at 463 (footnote omitted).

Finally, the *Myers* court also had before it a group of employee plaintiffs who claimed a deprivation of their right to negotiate by the method of their choice, "the value of which has been proved by years of operation." 303 U.S. at 53, 58 S.Ct. at 465. Their allegations, identical to those of plaintiff Roosevelt Coats herein, were found by Justice Brandeis to present no additional reason why the original jurisdiction of the Board should be disturbed. Similarly, the contention that the union's continued representation abridges the First Amendment rights of freedom of association of Coats and his fellow employees cannot pass muster. That argument ignores the fact that the unit did indeed select the union as its bargaining representative by secret ballot, and the courts have long recognized the Board's authority to require an orderly and democratic revocation of such authority, in accordance with its reasonable rules and terms. No constitutional issue is raised here. *See, NLRB v. Botany Worsted Mills*, 133 F.2d 876, 881 (3rd Cir.1943), and *Franks Brothers v. NLRB*, 321 U.S. 702, 705, 64 S.Ct. 817, 819, 88 L.Ed. 1020 (1944).

This court, in *United Brick and Clay Workers v. Junction City Clay Company*, 158 F.2d 552 (1947), cited *Myers* for the rule that claims of violation of the NLRA lie within the exclusive jurisdiction of the NLRB, and that U.S. District Courts have no jurisdiction of the subject matter of such actions. 158 F.2d at 554. In *Mayer v. Ordman*, 391 F.2d 889 (6th Cir.1968), *cert. denied*, 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261, this court wrote more expansively on the rule:

A review by the Federal District Courts is not always necessary to preserve or protect rights created by Congress. [Citations omitted.] Congress is entitled to determine the remedy it will provide, the extent to which it should be accorded and the means by which it should be made effective. [Citations omitted.] In enacting the National Labor Relations Act, Congress created specific rights and specific remedies. It did not merely lay down a substantive rule of law to be enforced by any tribunal competent to apply law generally to the parties. It confined the primary interpretation and application of the Act to a specific and specially constituted tribunal, the National Labor Relations Board.

391 F.2d at 891.

In *Mayer, supra,* we further noted that the Declaratory Judgments Act, 28 U.S.C. § 2201, confers no additional jurisdiction upon the District Courts, but merely provides an additional remedy where jurisdiction exists. 391 F.2d at 892.

Accordingly, for the reasons outlined above, the orders of the District Court are AFFIRMED.