**Efrain Martinez CLASS,
et al.  Plaintiffs**

v.

**RANGER AMERICAN ARMORED
SERVICES, INC.;  et al.
Defendants**

**No. CIV. 01–2387(SEC).**

United States District Court,
D. Puerto Rico.

Jan. 31, 2003.

Benito Gutiérrez–Diaz, Esq., Fajardo, for Plaintiffs.

Howard Pravda, Esq., Goldman Antonetti & Corova, San Juan, for Defendants.

## OPINION AND ORDER

CASELIAS, District Judge.

Before the Court is Defendant's motion for summary judgment (Docket # 9). Plaintiffs have failed to file an opposition to Defendant's motion, or request a further extension of time to do so.  As such, the Court will deem Defendant's motion unopposed, and for the reasons set forth below, **GRANT** the request for summary judgment.

### Standard of Review

Fed.R.Civ.P. 56(b) provides that: "A party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or

any part [of the claims asserted against him/her]." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986); *NASCO, Inc. v. Public Storage, Inc.,* 29 F.3d 28 (1st Cir.1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2725, p. 401.

In this regard, the First Circuit Court of Appeals has noted that for a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. *U.S. v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992); *see also Boston Athletic Assn. v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989); *Medina–Muñoz v. R.J. Reynolds Tobacco,* 896 F.2d 5, 8 (1st Cir.1990) ("[a] 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most favorable to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party.") (citations omitted).

By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir. 1994). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." Wright, Miller & Kane, *supra,* § 2725 at p. 419. "Not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the out-

come of the suit under the governing law if found favorably to the nonmovant that the materiality hurdle is cleared." *Martínez v. Colón,* 54 F.3d 980, 983–984 (1st Cir. 1995).

In addition, when determining whether to grant summary judgment, the Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, not room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (*citing Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines,* 42 F.3d at 684.

While the moving party has the burden of initially establishing that there is "an absence of evidence to support the non-moving party's case", *Maldonado–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 581 (1st Cir.1994); the nonmovant has a "corresponding obligation to offer the court more than steamy rhetoric and bare conclusions." *Lawton v. State Mutual Life Assurance Company of America,* 101 F.3d 218, 223 (1st Cir.1996). Furthermore, "the nonmovant must produce specific facts, in suitable evidentiary form' sufficient to limn a trialworthy issue .... Failure to do so allows the summary judgment engine to operate at full throttle." *Id.; see also Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); *Medina–Muñoz,* 896 F.2d at 8, (*quoting Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.

1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.")

Local Rule 311(12), moreover, requires the moving party to "file annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried . . . ." Unless the non-moving party controverts this statement, all the material facts set forth therein "shall be deemed to be admitted." *Id.* This is the so-called "anti-ferret rule." *See, e.g., Orbi, S.A. v. Calvesbert & Brown,* 20 F.Supp.2d 289, 291 (D.P.R.1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." *Tavárez v. Champion Products, Inc.,* 903 F.Supp. 268, 270 (D.P.R.1995). In the present case, Plaintiff failed to comply with Local Rule 311(12). Therefore, the following facts, as set forth in Defendants' statement of material facts, are deemed admitted for the purposes of this motion.

### Factual Background

The primary Plaintiff in this action, Efraín Martínez Class, was an employee of Camiones Blindados Incorporados (CBI). He worked as a messenger escort for said armored services. In July of 1997 Defendant Rangers American Armored Services, Inc. (Rangers) purchased CBI, and Martínez Class continued working as a messenger escort for Rangers.

Plaintiff Martínez Class alleges that he was discharged from his employment on December 7, 1998 because of his union organization activities on behalf of Sindicatos de Guardias de Seguridad y Operadores de Camiones Blindados de Puerto Rico (the union). Plaintiff also alleges that his rights were violated because he was dismissed due to his participation in jury duty, and that at the time he was fired, he was undergoing medical treatment under the State Insurance Fund. Furthermore, Plaintiff vaguely raises a claim of age discrimination. He claims that his dismissal has resulted in suffering and mental damages.

### Applicable Law and Analysis

Defendant argues that this Court lacks jurisdiction over the subject matter of this lawsuit because Plaintiffs' state law claims are preempted, and because any union-related claims fall under the exclusive jurisdiction of the National Labor Relations Board (NLRB). Plaintiff Martínez Class alleges that he was dismissed from his employment due to his involvement in promoting union activity. Even though Plaintiff avers other reasons for his dismissal, such as his participation in jury duty, the treatment received under the State Insurance Fund and age discrimination, his deposition shows that these other allegations are incidental to his principal claim that he was dismissed because of his union activity.

For example, Plaintiff complained that he was not given work after completing jury duty. When asked if such alleged act was due to his union activity he answered in the affirmative. He also claims that his schedules were changed everyday instead of every two weeks. Plaintiff asserts that the reason for such action was his union activity. Regarding his State Insurance Fund allegation, Martínez Class alleges that, even though he suffered from back problems he was refused lighter work. However, he also states in his deposition that Rangers refused such accommodations because of his union activity.

■ In essence, Plaintiff's own deposition testimony points to the conclusion that all the problems he had with Rangers were due to the fact that he was actively involved in promoting union organization activities. Plaintiff even states that he believes that, had it not been for his activity on behalf of the union, he would have not been dismissed from his employment.

■ Defendant argues that, under these circumstances, and under the preemption doctrine first enunciated in *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), Plaintiffs' state law claims must be dismissed by this Court. The Supreme Court held in *Garmon* that:

> It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board ... When an activity is arguably subject to s 7 or s 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of State interference with National policy is to be averted.

*Id.* at 244–245, 79 S.Ct. 773. Furthermore, the Supreme Court has made it clear that neither state nor federal courts have jurisdiction over suits directly involving activity which is arguably subject to Section 7 and Section 8 of the National Labor Relations Act (the Act) dealing with rights of employees as to organization, collective bargaining and unfair labor practices. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Exclusive jurisdiction over unfair labor practice claims rests with the NLRB. *Waggoner v. Dallaire*, 767 F.2d 589 (9th Cir.1985). *See also, Sears, Roebuck & Co. v. Solien*, 450 F.2d 353 (8th Cir.1971) (jurisdiction to prevent persons from engaging in unfair labor practices is exclusively vested in Board **and court of appeals**); *Wilson v. Milk Drivers and Dairy Emp. Union, Local 471*, 491 F.2d 200 (8th Cir.1974) (same); *Buckley v. American Federation of Television and Radio Artists*, 496 F.2d 305 (2d Cir.1974) (when unfair labor practices are alleged, federal courts must defer to exclusive competence of Board); *New Mexico Dist. Council of Carpenters, AFL–CIO v. Mayhew Co.*, 664 F.2d 215 (10th Cir.1981) (same); *Lexington Cartage Co. v. International Brotherhood of Teamsters*, 713 F.2d 194 (6th Cir.1983) (district courts have no jurisdiction over unfair labor practices cases).

In the case of caption, Plaintiff's dismissal, as well as all the other conduct complained of, falls squarely within the jurisdiction of the NLRB. On December 8, 1998, the day after he was dismissed, Plaintiff filed an unfair labor practice charge in Case No. 24–CA–8165, alleging that his rights had been violated under the National Labor Relations Act. The NLRB assumed jurisdiction and proceeded to investigate, issue a complaint, prosecute and enter its determination in the case. The NLRB assumed its exclusive jurisdiction over the dismissal of Martínez Class, and this Court lacks **jurisdiction** to entertain the present suit.

Plaintiff has attempted, through his vague pleadings, to gain access to different fora alleging diverse causes of action based on the same set of facts. This practice was expressly rejected in *Chaulk Services, Inc. vs. Massachusetts Commission Against Discrimination*, 70 F.3d 1361, 1370 (1st Cir.1995):

> Under these circumstances, were we to allow Doulamis' state claims to go forward by simply artfully pleading her claim of unfair labor practices as one motivated by a discriminatory animus because of her gender, we would be

compromising the NLRB's role as chief arbiter of labor disputes. Indeed, there are few unfair labor practices which could not be similarly repackaged. Similarly aggrieved individuals could use such an opening to bypass the NLRB merely by ascribing a myriad of discriminatory motives to the relevant conduct (i.e. age, race, religious belief, etc.), thereby creating a system of labor dispute adjudication parallel to the NLRB, leaving the state and federal courts to grapple piecemeal with issues Congress intended primarily for NLRB resolution. In the instant case, Plaintiff's principal allegation against Rangers is based on discrimination because of union activity. From his complaint, as well as from the joint case management memorandum submitted by the parties to the Court, we can conclude that all other allegations are at best vaguely averred, and are incidental and subsidiary to the union activity allegation. As discussed above, Plaintiff's claims of age discrimination, jury duty and State Insurance Fund rights violations are founded upon the identical facts which provide the basis for the unfair labor practice charge filed by Martínez Class himself before the NLRB. His attempt to refashion his original claim as one of age discrimination will not be accepted by this Court. Accordingly, under the *Garmon, Vaca* and *Chaulk* rationales, Plaintiffs' claims should be dismissed, since this Court lacks jurisdiction to entertain them.

## Conclusion

For all the reasons discussed above, Defendant's motion is **GRANTED**, and the above-captioned case will be **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**