**William C. WAGGONER, et al., Plaintiffs/Appellants,**

v.

**Robert Lee DALLAIRE, etc., Defendant/Appellee.**

No. 83–6275.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1985.

Decided July 29, 1985.

Wayne Jett, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs/appellants.

Betty R. Sanders, Wright & Sanders, Atascadero, Cal., for defendant/appellee.

Before BOOCHEVER and BEEZER, Circuit Judges, and SOLOMON\*, District Judge.

BOOCHEVER, Circuit Judge:

Waggoner, et al. (the trustees) appeal the district court's decision that Dallaire, the owner of an excavating company, was not bound by the terms of a multiple-employer labor agreement. Because the district court erred in excluding relevant evidence of industry custom and in permitting withdrawal of a stipulation affecting the statute of limitations issue, we reverse the judgment of the district court and remand for further proceedings.

The facts which led to this appeal are set forth in our opinion in a prior appeal in this case, *Waggoner v. Dallaire,* 649 F.2d 1362, 1365 (9th Cir.1981) (*Waggoner I*), but we shall summarize them here. In 1969, Dallaire, the president of the A–Jay Excavating Company, signed a short form collective bargaining agreement with the International Union of Operating Engineers Local Union No. 12 (Local 12). The short form incorporated by reference a master labor agreement (MLA) between Local 12 and a multi-employer association. The

---

\* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

MLA required employers to contribute to employee benefit trusts. In July 1970, Dallaire falsely told the trustees of the benefit funds that he was an inactive employer, and thereafter stopped contributing to the trusts. *Id.* at 1368. In fact Dallaire continued to do business after July 1970.

In 1977, the trustees sued Dallaire in district court under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1982), for delinquent trust fund contributions. Dallaire testified that he had been induced to sign the short form by oral assurances from Local 12's business agent that he would not be held to the terms of the MLA. The district court, 570 F.Supp. 1168, found for Dallaire. Based on the alleged oral assurances, the court held that the short form was invalid for fraud in the inducement. In the alternative, the court found the short form an unenforceable adhesion contract. The court further ruled that the four year statute of limitations barred the trustees' suit.

The trustees appealed that judgment, and this court reversed and remanded. As to the fraudulent inducement claim, we held that the oral modifications alleged by Dallaire were inadmissable to vary the terms of a written collective bargaining agreement. *Waggoner I,* 649 F.2d at 1365–66; *accord Kemmis v. McGoldrick,* 706 F.2d 993, 996–97 (9th Cir.1983) (*Kemmis I*). As to the adhesion contract argument, we found that the district court had erred as a matter of law in characterizing this collective bargaining agreement as a contract of adhesion. *Waggoner I,* 649 F.2d at 1367. We further ruled that the district court had erred in holding that the statute of limitations barred the trustees' claim, because the false report that Dallaire was an inactive employer, which Dallaire had stipulated to at trial, tolled the statute. *Id.* at 1367–68.

On appeal in *Waggoner I,* Dallaire argued for the first time that the short form agreement signed in March 1969 had terminated in July 1969 when the MLA was renegotiated. The short form incorporated the MLA as renewed or extended, but the MLA at issue here was modified, and Dallaire argued that the short form by its terms expired upon modification of the MLA. *See Seymour v. Coughlin Co.,* 609 F.2d 346, 349–50 (9th Cir.1979), *cert. denied,* 446 U.S. 957, 100 S.Ct. 2929, 64 L.Ed.2d 816 (1980). We declined to rule on the issue because it was not included in the pretrial order below, but we noted that Dallaire could request modification of the pretrial order on remand. *Waggoner I,* 649 F.2d at 1369.

On remand, the district court allowed modification of the pretrial order to add the modification issue and also permitted Dallaire to withdraw its stipulation that it had told the trustees that it was an inactive employer. The court then conducted a new trial, at which it refused to admit Local 12's evidence of industry custom on the issue whether the parties intended the short form to bind them to the modified MLA. The court held once again for Dallaire, on the ground that the short form expired upon modification of the MLA, and that the statute of limitations barred the trustees' claim. The court awarded Dallaire, as the prevailing party, attorneys' fees and costs. The trustees again appeal, asserting four grounds for reversal.

## I. INCLUSION OF THE MODIFICATION ISSUE

In *Waggoner I,* we noted that Dallaire could request amendment of the pretrial order on remand to include the issue whether modification of the MLA terminated the short form agreement. 649 F.2d at 1369. Dallaire requested such an amendment and the district court granted it and ruled on the issue. The trustees contend that we erred in suggesting that a new issue could be raised on remand and that the district court erred in allowing the new issue to be raised.

The trustees argue that a longstanding federal policy against piecemeal adjudication of claims precludes the injection of a new issue on remand. *See Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 178–79, 75 S.Ct. 249, 250–51, 99 L.Ed. 233

(1955). *Bodinger,* however, discusses piecemeal appeals, and none of the cases cited by the trustees stand for the proposition that a pretrial order may not be amended on remand. They each hold either that an issue not included in the pretrial order may not be raised at trial unless the order is modified, or that an issue not raised at trial may not be raised on appeal.[1] In this case, the district court properly modified the pretrial order under Fed.R. Civ.P. 16(e), and our opinion in *Waggoner I* precludes the trustees' argument that the modification was an abuse of discretion.[2] *See Waggoner I,* 649 F.2d at 1369.

## II. EVIDENCE OF INDUSTRY CUSTOM

■ At the trial after remand, the district court refused to admit the trustees' evidence of industry custom on the issue whether the parties to the short form intended to be bound by modifications to the MLA. The district court misconstrued our opinion in *Kemmis I,* 706 F.2d at 996–97, as prohibiting any oral evidence in the interpretation of collective bargaining agreements.[3] *Kemmis I* does not so hold. As we reaffirmed today in a second appeal in that case, *Kemmis v. McGoldrick,* 767 F.2d 594 (1985) (*Kemmis II*), *Kemmis I* prohibited testimony as to oral agreements between the contracting parties, not oral testimony as to industry custom. *Kemmis I* and *Kemmis II* both state that a court should

consider industry custom in interpreting collective bargaining agreements. *Kemmis II,* at 598; *Kemmis I,* 706 F.2d at 996; accord *Transportation-Communication Employees Union v. Union Pacific Railroad,* 385 U.S. 157, 161, 87 S.Ct. 369, 371, 17 L.Ed.2d 264 (1966). The district court therefore erred in refusing to admit the evidence of industry custom.

## III. THE SECTION 8(d) ARGUMENT

■ The trustees argue that the district court's interpretation of the short form agreement is erroneous because it is inconsistent with the requirements of section 8(d) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(d) (1982). We may not reach the merits of the trustees' section 8(d) theory, however, for we have recently held that the federal courts lack jurisdiction to consider claims based on violations of section 8 of the NLRA. Exclusive jurisdiction over section 8 claims rests with the National Labor Relations Board. *Arizona Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co.,* 753 F.2d 1512, 1515–17 (9th Cir.1985).

## IV. THE STATUTE OF LIMITATIONS

The trustees brought this action under section 301 of the LMRA, and the appropriate statute of limitations is therefore pro-

---

**1.** *See Southern California Retail Clerks Union & Food Employers Joint Pension Trust Fund v. Bjorklund,* 728 F.2d 1262, 1264 (9th Cir.1984); *Higgins v. Harden,* 644 F.2d 1348, 1353 (9th Cir.1981); *Knutson v. Daily Review, Inc.,* 548 F.2d 795, 804 n. 8 (9th Cir.1976), *cert. denied,* 433 U.S. 910, 97 S.Ct. 2977, 53 L.Ed.2d 1094 (1977); *Westinghouse Electric Corp. v. Weigel,* 426 F.2d 1356, 1357 (9th Cir.1970) (per curiam); *Drop Dead Co. v. S.C. Johnson & Son,* 326 F.2d 87, 95 (9th Cir.1963), *cert. denied,* 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 177 (1964).

**2.** Dallaire had also stipulated at the first trial that the short form bound him to modified MLAs unless he gave notice of cancellation. The district court allowed Dallaire to withdraw this stipulation on remand. We believe that our suggestion in *Waggoner I* that the pretrial order could be amended on remand to include the modification issue necessarily although tacitly

approved the withdrawal of this stipulation. Thus we need not discuss whether permitting the withdrawal was within the district court's discretion.

**3.** We also note that the district court apparently felt bound as a matter of law to interpret the short form agreement in this case in the same way as the similar short form agreement construed in *Seymour,* 609 F.2d at 349–50. As we have previously held, however, and reemphasize today in *Kemmis v. McGoldrick,* 767 F.2d 594, (*Kemmis II*), *Seymour* did not announce a per se rule of interpretation: "a case by case analysis of the agreements involved provides the best evidence of the parties' intent." *Construction Teamsters Health & Welfare Trust v. Con Form Construction Corp.,* 657 F.2d 1101, 1103 (9th Cir.1981) (quoted in *Kemmis II,* at 598).

vided by the forum state, in this case California. The applicable California statute of limitations is four years. Cal.Civ.Proc. Code § 337 (Deering 1977); *see Waggoner I,* 649 F.2d at 1367. Dallaire stopped making contributions in 1970 and the trustees brought suit in May 1977.

At the first trial, the district court held that all claims for delinquent contributions were barred by the statute. We reversed, for several reasons. As to the contributions allegedly due from 1973 to 1977, we found that under California law, "the statute of limitations on a monthly payment provision of a written contract does not run until the due date of each monthly payment. As the MLA calls for monthly trust payments, the Trustees timely filed their action at least with respect to claims arising after May 6, 1973." *Waggoner I,* 649 F.2d at 1368 (citations omitted).

As to the contributions allegedly due prior to May 1973, we held that the misleading 1970 report by Dallaire that it was an inactive employer, which Dallaire stipulated to below, tolled the statute of limitations. *Id.* On remand, the district court permitted Dallaire to withdraw the stipulation as to the report and to offer contrary testimony. The court then apparently held that the statute was not tolled and again applied it to bar the trustees' claim. The trustees argue that the district court's actions were erroneous under the law of the case doctrine.

 The law of the case doctrine states that the decision of an appellate court on a legal issue "must be followed in all subsequent proceedings in the same case." *Planned Parenthood v. Arizona,* 718 F.2d 938, 949 (9th Cir.1983); *accord Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 833–34 (9th Cir.1982). The law of the case controls unless the first decision is clearly erroneous and would result in manifest injustice, there has been an intervening change in the law, or the evidence on remand is substantially different. *Planned Parenthood,* 718 F.2d at 949.

██ Dallaire argues that the substantially different evidence exception applies here. Dallaire construes the holding in *Waggoner I* regarding the statute of limitations as resting solely on the stipulation. Withdrawal of the stipulation, Dallaire argues, made the evidence on remand substantially different and justified the district court's departure from the law of the case. Dallaire's argument overlooks the fact that the withdrawal of the stipulation was itself error. The stipulation and our first decision on its legal effect were part of the law of this case. The trial court thus could not permit Dallaire to withdraw the stipulation unless Dallaire presented evidence to the court showing that withdrawal of the stipulation was necessary to prevent manifest injustice. Nowhere in Dallaire's argument to this court did he indicate that he presented any such evidence. Thus we must conclude that the district court erred in permitting withdrawal of the stipulation. *See McGregor Boulevard Church of Christ v. Walling,* 428 F.2d 401, 404 (5th Cir.1970).

On remand, the trial court should only have considered " 'matters left open by the mandate of this court.' " *Moore,* 682 F.2d at 834 (quoting *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979)). The limitations issue was not left open by our mandate in *Waggoner I,* and the trial court was not entitled to deviate from that mandate. *In re Beverly Hills Bancorp,* 752 F.2d 1334, 1337 (9th Cir.1984). As we held in *Waggoner I,* the statute of limitations does not bar the trustees' claims for any part of the time period between July 1970 and May 1977, and this issue may not be considered again on remand.

## V. ATTORNEYS' FEES

The trustees argue that even if the district court's decision for Dallaire was correct, it was an abuse of discretion to award Dallaire attorneys' fees. We need not reach this issue, because our reversal of the district court on the merits requires us to vacate the award.

CONCLUSION

The judgment of the district court is reversed. We reluctantly remand again for a determination of whether the parties intended the short form agreement to terminate upon modification of the MLA. Custom evidence shall be admissable on the issue. The award of attorneys' fees is vacated.

REVERSED and REMANDED.