944 F.2d 909
 22 U.S.P.Q.2d 1478, 19 Media L. Rep. 2190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bette MIDLER, Plaintiff-Appellant/Cross-Appellee,
v.
YOUNG & RUBICAM INC., Defendant-Appellee/Cross-Appellant.
 Nos. 90-55027, 90-55028.
 United States Court of Appeals, Ninth Circuit.
 Sept. 20, 1991.
 
 Before HUG, TANG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The facts of this case are set forth in detail in our decision in Midler v. Ford Motor Co., 849 F.2d 460 (9th Cir.1988) (hereinafter Midler I ). In brief, Bette Midler filed a complaint on April 29, 1986 after advertising agency Young & Rubicam Inc. created a television commercial using a Midler sound-alike. On July 20, 1987 the district court granted defendant's motion for summary judgment on the ground that Midler had no protectible rights under the laws of California. We reversed the district court holding that "when a distinctive voice of a professional singer is widely known and is deliberately imitated in order to sell a product, the sellers have appropriated what is not theirs and have committed a tort in California." Midler I, 849 F.2d at 463. We remanded the case for trial.
 
 
 3
 Both Midler and Young & Rubicam brought motions for partial summary judgment. The district judge granted defendant's motion for partial summary judgment with respect to the issue of Midler's right to pursue punitive damages at trial holding that Midler had not "shown by clear and convincing evidence that the Defendants acted with the requisite 'evil motive' to support an award of punitive damages." The district granted summary judgment for Midler on all the elements of the tort except deliberate imitation of Midler's voice, causation, and damages.
 
 
 4
 A jury trial on the action was conducted. At the conclusion of all the evidence relating to liability, Young & Rubicam moved for a directed verdict on the ground that there was no evidence to support Midler's contention that Young & Rubicam intended to imitate the sound of Midler's voice separate and apart from the "Do You Want to Dance" sound recording. The court denied the motion. On October 30, 1989, the jury returned a verdict for Midler and awarded $400,000 in damages.
 
 
 5
 On November 29, 1989, Midler filed a notice of appeal from the trial court's grant of summary judgment on the issue of punitive damages. On December 13, 1989, Young & Rubicam cross-appealed on the grounds that the district court improperly denied its motion for a directed verdict, that the jury instructions were prejudicial and that Midler's claim should have been preempted by federal copyright law.
 
 ANALYSIS
 
 6
 1. Punitive Damages.
 
 
 7
 The district court correctly concluded that Midler could not show by clear and convincing evidence that Young & Rubicam acted with the requisite "evil motive" to support a grant of punitive damages under California law. California Civil Code § 3294 allows the award of punitive damages where the defendant has been guilty of "oppression, fraud, or malice." Cal.Civ.Code § 3294(a) (West's Supp.1991). Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the rights or safety of others." Cal.Civ.Code § 3294(c)(1) (West's 1991). In the present case the district court found that there was no evidence presented which suggested that in making the commercial Young & Rubicam intended to hurt Midler. The district court also found that Midler could not show that Young & Rubicam acted with malice "since the tort in question has only recently been discovered." See e.g. Morgan Guar. Trust Co. v. American Sav. and Loan, 804 F.2d 1487, 1500 (9th Cir.1986) (holding that punitive damages are inappropriate under California law where key issue is one of first impression), cert. denied, 482 U.S. 929 (1987); Bartling v. Glendale Adventist Medical Center, 184 Cal.App.3d 961, 970, 229 Cal.Rptr. 360, 364 (1986) (affirming the denial of punitive damages where plaintiffs rights were not legally established or clearly developed at the time of the violation).
 
 
 8
 2. Jury Instructions.
 
 
 9
 The district court instructed the jury that it must determine "[w]hether Young & Rubicam deliberately imitated Bette Midler's voice in producing Ford Motor Company's Sable automobile television commercial...." The court also instructed:
 
 
 10
 Most of you are familiar with the term "copyright." Copyright law protects authors of original works, such as the song "Do You Want to Dance." There are no issues of copyright law, as such, for you to decide in this case. However, in deciding whether or not Young & Rubicam deliberately imitated Bette Midler's voice, you must keep in mind that Young & Rubicam had the right to use the song "Do You Want to Dance." You must also keep in mind that the mere imitation of a performance contained in a recording is not a violation of the Copyright law.
 
 
 11
 The instructions adequately set forth the law as laid out in Midler I. Nothing in our initial decision suggested that Midler would have to prove that Young & Rubicam imitated Midler's voice "separate and apart" from the sound recording of "Do You Want to Dance."
 
 
 12
 3. Denial of defendant's motion for a directed verdict.
 
 
 13
 Young & Rubicam appeal the district court's denial of its motion for a directed verdict on the ground that Midler failed to present evidence that Young & Rubicam attempted to imitate Midler's voice. However, sufficient evidence was presented to support the jury's finding that Young & Rubicam deliberately imitated Midler's voice. The jury listened to the commercial and to Midler's recording of "Do You Want to Dance." The similarity of the voices on the two recordings was evidence considered by the jury. The fact that Young & Rubicam hired a former Midler backup singer also supports an inference that the agency deliberately imitated Midler's voice. The testimony at trial, especially that of Hedwig, further supported the jury's verdict. For instance, Hedwig testified that she was contacted by a Young & Rubicam employee "about sending an audio cassette of myself sounding like Bette Midler as a sort of audition tape for this upcoming jingle." (Tr. 10/25/89 a.m. session pp. 92-93). She also testified that she was instructed to sound as much like Midler as possible while making the recording. Thus, the evidence at trial supported the finding that Young & Rubicam sought "to convey the impression that Midler was singing for them," Midler I, 849 F.2d at 463, and that Young & Rubicam sought to imitate Midler's voice, an attribute of her identity.
 
 
 14
 4. Preemption.
 
 
 15
 This court in Midler I held that Midler's claim for appropriation of her voice was not preempted by federal copyright law. Id. at 462. Section 301(a) of 17 U.S.C. preempts:
 
 
 16
 all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103.
 
 
 17
 Section 301(b) makes clear that any state regulation that does not fit precisely within the scope of section 301(a) is not preempted. Furthermore, the legislative history of Section 301 indicates that Congress understood that "[t]he evolving common law rights of 'privacy,' 'publicity,' and trade secrets, and the general laws of defamation and fraud, would remain unaffected as long as the causes of action contain elements, such as an invasion of personal rights or a breach of trust or confidentiality, that are different in kind from copyright infringement." H.R.Rep. No. 1476, 94th Cong., 2d Sess., reprinted in 1976 U.S.Code Cong. & Admin.News 5659, 5748.
 
 
 18
 In holding that Midler's cause of action was not preempted by federal copyright law this court said:
 
 
 19
 Copyright protects 'original works of authorship fixed in any tangible medium of expression.' 17 U.S.C. § 102(a). A voice is not copyrightable. The sounds are not 'fixed.' What is put forward as protectible here is more personal than any work of authorship.
 
 
 20
 849 F.2d at 462. Where a court has previously decided an issue, the law of the case controls "unless the first decision is clearly erroneous and would result in manifest injustice, an intervening change in the law has occurred, or the evidence on remand is substantially different. Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir.1989); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir.1985), cert. denied, 475 U.S. 1064 (1986). Young & Rubicam has not satisfied any of these three exceptions to the law of the case doctrine.
 
 
 21
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3