5 F.3d 537
NOTICE:Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Arthur S. KATAYAMA, Plaintiff-Appellee,
v.
HELLER-WHITE HOTELS COMPANY, INC; Ilikai Hotel Investors
Limited Partnership; Mitchel T. Heller,
Defendant-Appellants.
 No. 92-16678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1993.*
Decided Sept. 27, 1993.
 
 1
 Appeal from the United States District Court for the District of Hawaii, No. CV-87-00672-ACK; Alan C. Kay, District Judge, Presiding.
 
 
 2
 D. Hawaii [APPEAL AFTER REMAND FROM 956 F.2d 1167].
 
 
 3
 AFFIRMED.
 
 
 4
 Before: SCHROEDER, T.G. NELSON, Circuit Judges, CALLISTER,** District Judge.
 
 
 5
 MEMORANDUM***
 
 I. Law of the Case Doctrine
 
 6
 Appellant Heller argues that the district court's Supplemental Findings of Fact (SFF) and Conclusions of Law (SCL) were contrary to the law of the case established by this court's Memorandum Disposition of March 5, 1992 (Katayama I ), and exceeded the mandate on remand.
 
 
 7
 "The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir.1985) (quotation omitted), cert. denied, 475 U.S. 1064 (1986). "Under the doctrine, a court is generally precluded from considering an issue previously decided by the same court, or a higher court in the identical case." Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir.1990). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." Id. (quotation omitted). "On remand, the trial court should only have considered matters left open by the mandate of this court." Waggoner, 767 F.2d at 593 (quotations omitted).
 
 
 8
 The law of the case doctrine does not apply here because the issue of fraud and the elements therein had not been decided in Katayama I. The district court properly (and precisely) followed this court's mandate by preparing additional findings of fact and conclusions of law to support its denial of Heller's counterclaim.
 
 II. The Supplemental Findings of Fact
 
 9
 A district court's findings of fact are reviewed under the clearly erroneous standard. FED.R.CIV.P. 52(a); Krusco v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Under this standard, the lower court's findings of fact must be accepted unless the appellate court is left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 10
 Because Heller bears the burden of proving each element of fraud, and because all of the district court's findings supported its conclusion that Heller had failed to prove three elements of fraud, to prevail Heller must now show that all of the district court's supplemental findings of fact were clearly erroneous. This he fails to do.
 
 
 11
 We agree with the district court's conclusion that Heller's damages were unduly speculative. Heller's computation which was based on the difference between the purchase price proposed by Sampo Land and the price received from IBJ cannot be ascertained because Heller had never received a firm offer from Sampo Land; the draft offer was still subject to negotiation.
 
 
 12
 Heller's other computations are equally speculative. The calculation based on the lost Pivco financing is speculative because it is unclear whether Heller would have definitely received financing. As Heller states in his brief, British Indemnity (which was connected to the Pivco deal by underwriting for credit enhancement) withdrew before it had completed the underwriting process. We cannot now speculate what the outcome would have been.
 
 
 13
 Damages based on the difference between what Heller would have received from IBJ had Katayama been telling the truth (i.e., $77.5 million, less the $70 million he actually received) cannot be applied to the present case for two reasons. First, Hawaii law does not adopt the "benefit of the bargain" theory for deceit cases. See Hawaii's Thousand Friends v. Anderson, 768 P.2d 1293, 1301 (Haw.1989). Second, Heller cannot be reasonably certain he would have ever received $77.5 million from IBJ. The district court found that figure was merely a condition precedent to the enforceability of Katayama's contract with Heller and, therefore, IBJ was not contractually obligated to pay $77.5 million.
 
 
 14
 Because Heller has failed to prove a necessary element of fraud, we need not address the district court's other factual findings.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3