134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JOHN W. MARTIN CONSTRUCTION COMPANY, INC., an Arizona
Corporation, Kalispell Feed and Grain, Inc., an Arizona
Corporation, John W. Martin, individually, and Patricia M.
Martin, individually, Plaintiffs-Counter-Claim-Defendants-Appellants,
v.
NORWEST BANK KALISPELL, N.A., a national banking
corporation,
Defendant-Counter-Claim-3rd-Party-
Plaintiff-Appellee,
and
H. Lee Tower, individually, and Josephine L. Tower,
individually, Defendants-Counter-Claimants-Appellees,
and
Charles C. White, individually, Defendant-Appellee.
 No. 97-35212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 3, 1997.
Jan. 14, 1998.
 
 Before WRIGHT, REAVLEY** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court's May 29, 1992 judgment reflected that court's prior judgment as a matter of law and summary judgment in favor of appellee Norwest Bank Kalispell, N.A. (Norwest) on its counterclaim and third party claim on the notes and guaranties in issue. The judgment also incorporated the jury verdict in favor of appellants John W. Martin Construction Company, Kalispell Feed and Grain, Inc., and John and Patricia Martin on their claims against Norwest for constructive fraud and negligent misrepresentation. Norwest appealed this judgment. In the first appeal, we concluded that the district court should have granted Norwest's motion for judgment as a matter of law on the negligent misrepresentation and constructive fraud claims tried to the jury. We remanded the case "for entry of judgment for [Norwest] consistent with our opinion." John W. Martin Constr. Co. v. Norwest Bank Kalispell, N.A., No. 92-36713, at 9 (9th Cir. March 11, 1994).
 
 
 3
 Upon remand, the district court entered a second judgment consistent with our holding that appellants could not recover on their affirmative claims. Appellants now argue, as they did below for the first time after remand, that Montana's "one action" statute, Mont.Code Ann. § 71-1-222, bars the recovery of money judgments against them. In the district court appellants filed a motion to declare the May 1992 judgment "void" based on the Montana statute, and to dismiss Norwest's remaining claims for money judgments. Appellants argued to the district court that Norwest, by failing to pursue its remedy of foreclosure, was barred from recovering money judgments under the statute.
 
 
 4
 The district court did not err in entering the second judgment, awarding a money judgment in favor of Norwest for the full amounts outstanding on the notes and guaranties. Our mandate in the first appeal was limited to directing the district court to enter judgment in favor of Norwest on appellants' affirmative claims. On remand, the court should only consider "matters left open by the mandate of this court." Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir.1985) (quoting Quern v. Jordan, 440 U.S. 332, 347 n. 18 (1979)). "A district court, upon receiving the mandate of an appellate court 'cannot vary it or examine it for any other purpose than execution,' " and "could not revisit its already final determinations unless the mandate allowed it." United States v. Cote, 51 F.3d 178, 181 (9th Cir.1995) (quoting In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895)).
 
 
 5
 Nor can appellants prevail on the theory that the May 1992 judgment was void, and the district court should have entertained the motion to void the judgment as a motion for relief from the first judgment under Fed.R.Civ.P. 60. None of the grounds for relief specified by that rule are applicable. The judgment was not "void" under Rule 60(b)(4), because a judgment is void for purposes of this rule only if the court that rendered the judgment was without jurisdiction or acted in a manner inconsistent with due process. Owens-Corning Fiberglass Corp. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.), 759 F.2d 1440, 1448 (9th Cir.1985). "A judgment is not void merely because it is erroneous." Id. Nor was relief available under Rule 60(b)(1) for "mistake, inadvertence, surprise or excusable neglect." Rule 60(b) provides that a motion under subsection (b)(1) must be brought within one year of the judgment. This one year period is not tolled by the pendency of an appeal. Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir.1989). The motion to void judgment was brought over two years after the original judgment.
 
 
 6
 AFFIRMED.
 
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3